UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALONSO BARILLAS-GAMERO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 1:20-cv-00589-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT**<br><br>**[Doc. 10]**<br><br>**[TEN DAY DEADLINE]** |

Petitioner is a former immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 2, 2020, Petitioner submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241 to the Ninth Circuit Court of Appeals.  (Doc. 2.)  Although submitted to the Ninth Circuit, the petition is captioned as intended for the United States District Court for the Central District of California. On April 21, 2020, the Ninth Circuit transferred the petition to the Central District.  (Doc. 1.)  Because jurisdiction is proper in the Eastern District, the Central District transferred the case to this Court.  (Doc. 4.)

The petition challenges Petitioner's indefinite detention.  On March 18, 2020, Respondent filed a motion to dismiss the petition as moot because Petitioner has been released from

1

immigration detention on an order of supervision. (Doc. 10.)  Because Petitioner has been granted the relief he sought and his claims are now moot, the Court will recommend that Respondent's motion to dismiss be GRANTED.

**DISCUSSION**

Respondent contends that the instant petition is moot because Petitioner has been released from immigration detention.  Respondent submits a copy of an Order of Supervision dated April 28, 2020, which shows Petitioner was placed on supervision and permitted to be at large under certain conditions.  (Doc. 10 at 5.) Petitioner signed the Order of Supervision on April 28, 2020. (Doc. 10 at 5.)

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).  When a prisoner is released from custody, any habeas petition challenging continued detention becomes moot. Fender v. U.S. Bureau of Prisons, 846 F.2d 550, 555 (9th Cir.1988).

Because Petitioner has been granted the relief he sought and is no longer in detention, the petition is now moot.

**ORDER**

The Clerk of Court is HEREBY DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

The Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the

United States District Court, Eastern District of California.  Within ten (10) days after service of the proposed Findings and Recommendation, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to any objections may be filed within ten (10) days after date of service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 2, 2020**                            /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

3